**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 24 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK MAHON, | No. 24-3570 |
| Plaintiff - Appellant, | D.C. No. 4:20-cv-01525-YGR |
| v. | |
| YOUTUBE, LLC; GOOGLE LLC, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted February 18, 2026**

Before: CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

Mark Mahon appeals pro se from the district court's summary judgment and dismissal order in his action alleging copyright infringement in connection with a film he created. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Csutoras v. Paradise High Sch.*, 12 F.4th 960, 965 (9th Cir. 2021) (cross

---

 * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motions for summary judgment); *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021) (order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6)). We affirm.

The district court properly granted summary judgment for defendants on Mahon's copyright claims because Mahon failed to create a genuine dispute of material fact as to whether defendants directly infringed on the film's copyrights within the United States. *See VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 731-32 (9th Cir. 2019) (setting forth elements to establish direct infringement, including that the defendant must have been "*actively involved* in the infringement"); *L.A. News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 990 (9th Cir. 1998) (explaining that for the Copyright Act to apply, "at least one alleged infringement must be completed entirely within the United States" (citation omitted)).

The district court did not abuse its discretion in applying judicial estoppel to bar Mahon's contention that he, not his company, Maron Pictures, owned the relevant copyrights. *See Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1133 (9th Cir. 2012) (setting forth standard of review and factors for applying judicial estoppel, including that a party would gain an unfair advantage from arguing a position inconsistent with one that a court previously accepted in granting relief).

The district court properly dismissed Mahon's moral rights claim because

federal law does not recognize moral rights protection for motion pictures. *See Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. 2015) (en banc) (explaining that "[m]otion pictures specifically are excluded from moral rights protection" under the Visual Artists Rights Act of 1990).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellees' motions (Docket Entry Nos. 12, 21, 29, and 38) to file under seal Volumes 5 and 6 of the excerpts of record, Exhibits 6-8 to the Declaration II of A. John P. Mancini, and portions of the answering and reply briefs are granted. The Clerk will maintain under seal Docket Entry Nos. 9, 20.3, 20.4, 20.5, 31, and 36.

All other pending motions and requests are denied.

**AFFIRMED.**